UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BERMAN,<br><br>                    Plaintiff,<br>    v.<br><br>KNIFE RIVER CORPORATION; STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF TRANSPORTATION; and DOES 1-30,<br><br>                    Defendants. | Case No.: C 11-3698 PSG<br><br>**ORDER GRANTING DEFENDANT KNIFE RIVER CORPORATION'S MOTION TO DISMISS**<br><br>**(Re: Docket No. 62)** |

Pro se Plaintiff John Berman ("Berman") brings this suit against Defendants Knife River Corporation ("Knife River"), the State of California, the California Department of Transportation ("Caltrans"), and Does 1-30 (collectively "Defendants"). Berman seeks damages for injuries from an accident allegedly caused by Defendants' negligent failure to mark a construction zone that Berman encountered while riding his motorcycle. Knife River moves to dismiss Berman's third, fourth, and fifth causes of action for failure to state a claim upon which relief may be granted. Berman opposes. On August 28, 2012, the parties appeared for hearing. For the reasons explained below, Knife River's motion is GRANTED.

## I. BACKGROUND

Because the court's June 8, 2012 order ("June 8 Order") already recounted in detail this case's factual background, the court will not repeat itself here.

On March 22, 2012, Berman filed his Third Amended Complaint ("TAC").[1] The court's June 8 Order dismissed with leave to amend Berman's third, fourth, fifth, sixth, seventh, and eighth causes of action. On July 2, 2012, Berman filed his Fourth Amended Complaint ("FAC").[2] Berman's FAC alleges the following causes of action: (1) negligence; (2) gross negligence; (3) unfair and unlawful competition; (4) conspiracy to mislead insurance investigators, law enforcement, and to violate the Federal False Information Act, 18 U.S.C. § 1020; and (5) intentional interference with Berman's economic expectancy.

The court addresses each in turn.

## II. LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[4] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[6]

On a motion to dismiss, the court must accept all material allegations in the complaint as

---

[1] *See* Docket No. 51 (TAC).

[2] *See* Docket No. 60 (FAC).

[3] Fed. R. Civ. P. 8(a)(2).

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[6] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

true and construe them in the light most favorable to the non-moving party.[7] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[8] However, the Court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[9] Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[10] The court "has an obligation to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt."[11] "However, even pro se pleadings must allege facts sufficient to allow a reviewing court to determine whether a claim has been stated."[12] "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."[13]

### III.   DISCUSSION

Knife River moves to dismiss Berman's third, fourth, and fifth causes of action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Because the court's June 8 Order already addressed these very issues, the court's inquiry here is whether Berman's additions to his FAC are sufficient to save these three causes of actions from dismissal.

---

[7] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[8] *See id.* at 1061.

[9] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[10] *Silva-Pearson v. BAC Home Loans Servicing, LP*, Case No. C 11-1491 SI, 2011 WL 2633406, at *2 (N.D. Cal. July 6, 2011) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

[11] *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc).

[12] *Silva-Pearson*, 2011 WL 2633406, at *2 (citing *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

[13] *Eminence Capital, LLC v. Asopeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

3
Case No.: C 11-3698 PSG
**ORDER GRANTING DEFENDANT KNIFE RIVER CORPORATION'S MOTION TO DISMISS**

*A. Third Case of Action for Unfair Business Practices*

The court previously agreed with Knife River that Berman's third cause of action for unfair competition should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). At issue here is whether Berman's additions to his third cause of action save it from dismissal. The court finds that they do not.

Berman's third cause of action, as stated in his FAC, contains the following additional allegations: (1) a case citation; and (2) a new paragraph "39A," which alleges that consumers who choose to purchase gasoline in California at "state-regulated pumps" "paid those taxes in the reasonable expectation that state roads on which the gasoline propels the vehicle are repaired by contractors whose winning bids were secured by fair and lawful means."

These additional allegations do nothing to satisfy the deficiencies already discussed in the court's June 8 Order. Berman's third cause of action for unfair business practices once again fails to state a claim upon which relief may be granted. Because it is clear after three amendments that further amendment cannot save this claim, the claim is dismissed with prejudice.

*B. Fourth Cause of Action for Civil Conspiracy*

The court previously agreed with Knife River that Berman's fourth cause of action for "conspiracy to mislead insurance investigators, law enforcement, and to violate the Federal False Information Act and commit other torts" should be dismissed for failure to state a claim. The court already detailed the deficiencies with this case of action, and it appears that Berman has left this claim language unaltered. Accordingly, like those before it, Berman's fourth cause of action for civil conspiracy fails to state a claim upon which relief may be granted. Because it is clear after three amendments that further amendment cannot save this claim, the claim is dismissed with prejudice.

*C. Fifth Cause of Action for Interference with Economic Expectancy*

The court previously agreed with Knife River that Berman's fifth cause of action for intentional interference with Berman's economic expectancy should be dismissed under Fed. R. Civ. P. 12(b)(6).

In his FAC, Berman has, along with several other minor changes, simply altered the allegation that he was a "potential recipient of compensation from" the Liberty Mutual Insurance policy to "reasonably-probable, and not unduly-speculative, third-party beneficiary of" the Liberty Mutual policy. These additional allegations do not cure these deficiencies. For the reasons already given in the court's June 8 Order, Berman's fifth cause of action for interference with economic expectancy fails to state a claim upon which relief may be granted. Once again, because it is clear after three amendments that further amendment cannot save this claim, the claim is dismissed with prejudice.

## IV. CONCLUSION

The court GRANTS Knife River's motion to dismiss the third, fourth, and fifth causes of action for failure to state a claim upon which relief may be granted. The court's dismissal is with prejudice and thus without leave to amend. No later than September 28, 2012, the parties shall submit a joint proposal for a case scheduling order on Berman's first and second causes of action for negligence and gross negligence

**IT IS SO ORDERED.**

Dated:  August 31, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

5
Case No.: C 11-3698 PSG
**ORDER GRANTING DEFENDANT KNIFE RIVER CORPORATION'S MOTION TO DISMISS**