UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BERMAN,<br><br>                    Plaintiff,<br>         v.<br><br>KNIFE RIVER CORPORATION; STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF TRANSPORTATION; and DOES 1-30,<br><br>                    Defendants. | Case No.: C 11-3698 PSG<br><br>**ORDER RE PLEADINGS AND SANCTIONS**<br><br>**(Re: Docket Nos. 98, 99, 105, 107)** |

Defendants Knife River, et al ("Knife River") move to strike the Fifth Amended Complaint ("5AC") and the Corrected Fifth Amended Complaint ("C5AC") filed by Plaintiff John Berman ("Berman").[1] Knife River also moves to dismiss Berman's entire case pursuant to Fed. R. Civ. P. 41(b) for his failure to comply with the court's orders[2] and for sanctions for filing the complaints without leave.[3] In the alternative Knife River moves to dismiss on the grounds that the court lacks

---

[1] *See* Docket No. 98.

[2] *See id.*

[3] *See* Docket No. 105.

Case No.: 11-3698 PSG
ORDER

1

subject matter jurisdiction over this case.[4]  Berman seeks leave to amend his complaint again to add back a deceit cause of action the court earlier dismissed.[5]  The parties appeared for a hearing on April 2, 2013.  Having considered the parties' papers and their oral arguments, the court rules as follows:

- To the extent that Knife River seeks to strike and dismiss the claims in the C5AC that the court already has dismissed without leave to amend,[6] Knife River's motion is GRANTED. Berman may proceed on the C5AC only as to the negligence and gross negligence claims the court earlier found viable.[7]

- Knife River's motion to dismiss the case pursuant to Fed. R. Civ. P. 41(b) is DENIED. Berman has at least two viable claims,[8] which the court finds should be adjudicated on the merits.  Berman's failure to comply with the rules or this court's orders, while problematic and by no means condoned, are not so egregious as to warrant involuntary dismissal.

- The court also DENIES Knife River's sanctions motion against Berman for filing the 5AC and C5AC.[9]  While the court recognizes that Berman's behavior has caused unnecessary delay in the progression of this case, Berman's status as a pro se plaintiff and the recent addition of counsel to represent him warrant leniency on this matter.

- Knife River's motion to dismiss for lack of subject matter jurisdiction likewise is DENIED. At this stage, Berman need only allege sufficient facts to satisfy the jurisdiction requirement; there is no requirement to "prove up" jurisdiction at the pleading stage.[10] Having reviewed the complaint, the court cannot say that "it appears to a legal certainty that the claim is actually for less than the jurisdictional amount" as is required to overcome the presumption that the amount-in-controversy element is satisfied upon an allegation of damages in excess of $75,000.[11]

---

[4] *See* Docket No. 99.

[5] *See* Docket No. 107.

[6] *See* Docket No. 68.

[7] *See* Docket No. 47.

[8] *See* Docket No. 47.

[9] *See* Docket No. 105.

[10] *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (noting that elements of jurisdiction must "be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of litigation").

[11] *See Lowdermilk v. U.S. Bank Nat. Assn.*, 479 F.2d 994, 998 (9th Cir. 2007).

2
Case No.: 11-3698 PSG
ORDER

- Berman's motion to again amend his complaint to add back his deceit claim[12] is DENIED. Leaving aside the Fed. R. Civ. P. 16(b) requirements that attached after the deadline for amendments, Berman's claim that a recent admission by Knife River employees that the cones were placed at the scene after the accident does not correct the deficiency the court identified when it dismissed Berman's deceit claim, specifically that Berman has not alleged that any false representations were made to him.[13]

With these motions resolved, Berman's case will move forward on the negligence and gross negligence claims and that is all.  No more motions for amendments to the pleadings will be entertained, and the parties shall proceed with discovery on these two claims.  The parties are ordered to meet and confer again regarding Knife River's pending motion to compel to attempt to resolve the issues in light of this order.

**IT IS SO ORDERED.**

Dated:  April 2, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[12] *See* Docket No. 107.  While Knife River has not yet filed its opposition to this motion, the court is prepared to rule on the basis of Berman's papers alone.

[13] *See* Docket No. 58.

Case No.: 11-3698 PSG
ORDER

3