UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BERMAN,<br><br>            Plaintiff,<br>v.<br><br>KNIFE RIVER CORPORATION et al,<br><br>            Defendants. | Case No. 5:11-cv-03698-PSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Re: Docket No. 124)** |

Plaintiff John Berman ("Berman") moves for summary judgment on his negligence and gross negligence claims.[1] Defendant Knife River Corporation ("Knife River") opposes.[2]

The parties are familiar with the factual and procedural background of this case, and in the interest of expediency, the court will not retrace that background here.

The legal standard concerning motions for summary judgment is well-known. Pursuant to Fed. R. Civ. P. 56(a), "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] Rule 56(c) requires the moving party to support its assertion by "citing to particular parts of materials in the record" or "showing the materials cited do not establish the presence of a genuine

---

[1] *See* Docket No. 124.

[2] *See* Docket No. 133.

[3] Fed. R. Civ. P. 56(a).

1

Case No.: 5:11-cv-03698-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

dispute" or "that an adverse party cannot produce admissible evidence to support the fact."[4] A party's failure to comply with Rule 56(c) is governed by Fed. R. Civ. P. 56(e).[5]

Berman's request does not meet the standards of Rule 56 for at least two independent reasons. First, Berman's motion and supporting evidence do not conclusively establish that no genuine dispute of material fact exists as to the issues of negligence and gross negligence. Berman offers the declaration of paving contractor Skip Brown regarding the feasibility of a "K-rail" at the site of the incident at the heart of this case.[6] But Knife River responds with its own declaration from traffic engineer Richard Ryan, who disputes that any K-rail was even viable, let alone necessary, under the terms of Knife River's contract with CalTrans.[7] This creates a classic and genuine issue of material fact that must be resolved by the jury, not the court.

Second, both the court and Knife River granted Berman repeated extensions to comply with discovery requests in this case.[8] However, even with extra time, Berman did not produce the documents in a timely fashion. On this record, summary judgment in favor of Berman is particularly unwarranted.

Berman's motion for summary judgment regarding Knife River's alleged negligence and gross negligence is DENIED.

---

[4] *See* Fed. R. Civ. P. 56(c).

[5] *See* Fed. R. Civ. P. 56(e). ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order.").

[6] *See* Docket No. 124.

[7] *See* Docket No. 133-12.

[8] *See* Docket Nos. 138 and 143.

2
Case No.: 5:11-cv-03698-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**IT IS SO ORDERED.**

Dated: October 10, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge