**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BERMAN, | Case No. 5:11-cv-03698 PSG |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S JULY 10 ORDER** |
| v. | |
| KNIFE RIVER CORPORATION et al, | |
| Defendants. | **(Re: Docket No. 146)** |

After the court issued its July 10, 2013, order on various discovery matters,[1] Plaintiff John Berman ("Berman") filed a motion for leave to file a motion for reconsideration.[2] Knife River filed an opposition. Pursuant to Civ. L. R. 7-1(b), and after reviewing the papers and additional arguments of counsel,

IT IS HEREBY ORDERED that Berman's motion for leave to file a motion for reconsideration of the court's July 10 order is DENIED.

---

[1] *See* Docket No. 143 (granting Knife River's request for a sanction prohibiting Berman from supporting claims and from introducing evidence on Interrogatories 6, 7, 11, and 12, denying Berman's request to mandate that Knife River communicate with him via e-mail, and denying Berman's request for a TRO).

[2] *See* Docket No. 146.

1

Case No.: 5:11-cv-03698 PSG
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR
RECONSIDERATION OF THE COURT'S JULY 10 ORDER

## I. LEGAL STANDARDS

Civ. L.R. 7-9(b) requires that to obtain leave to file a motion for reconsideration, the moving party must specifically show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.[3]

"Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[4] "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."[5]

## II. DISCUSSION

In the July 10 order, the court compelled Berman to produce the remaining documents sought in discovery by July 17, 2013.[6] Berman claims the court overlooked a material fact regarding his access to transcripts from the May 7, 2013, hearing regarding discovery deadlines.[7]

---

[3] Civ. L.R. 7-9.

[4] *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations and citations omitted).

[5] *Id.*

[6] *See* Docket No. 143 at 4 ("As to the document production issue, given that Berman at least appears to have tried to comply with the court's order, the court does not impose the sanction Knife River requests at this time, provided that within seven days Berman produces in hard copy format all documents in his possession that he believes are responsive to Knife River's request." (internal citations omitted)).

[7] *See* Docket No. 146.

2
Case No.: 5:11-cv-03698 PSG
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S JULY 10 ORDER

Berman also asserts he made a good faith effort to comply with the discovery requests following the court's July 10 order, despite the disqualification of his counsel.[8]

Knife River responds that Berman still has not satisfied the outstanding discovery requests from the July 10 order.[9]

Berman's argument does not meet the strict standards of Civ. L.R. 7-9.[10] Berman's motion for leave specifically does not "show a material difference in fact or law" from that which was presented to the court, the "emergence of new material facts occurring after the time" of the July 10 order, or a "manifest failure by the court to consider material facts or dispositive legal arguments."[11]

Berman is ordered to produce any remaining documents within seven days of this order, or else face possible sanctions pursuant to Fed. R. Civ. P. 37(b).

**IT IS SO ORDERED.**

Dated: October 10, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[8] *See* Docket No. 146 at 2:11-2:21 (explaining how the State Bar disqualified Berman's counsel as a result of numerous misleading emails to clients, failure to perform duties, consistent misrepresentations, and misappropriation of their funds).

[9] *See* Docket No. 147 (identifying outstanding requests including medical records and other documents identified in Berman's initial disclosures).

[10] *See* Civ. L.R. 7-9.

[11] *See* Docket No. 146.

3

Case No.: 5:11-cv-03698 PSG
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S JULY 10 ORDER