UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BERMAN,<br><br>            Plaintiff,<br>    v.<br><br>KNIFE RIVER CORPORATION, et al.,<br><br>            Defendants. | Case No. 5:11-cv-03698 PSG<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>**(Re: Docket Nos. 158, 166, and 170)** |

Before the court is Plaintiff John Berman's motion for leave to file a motion for reconsideration of the court's ORDER excluding Berman's non-retained experts. At a hearing on Defendant Knife River Corporation's motion to strike the court noted that Berman's one page general background summary constituted an insufficient disclosure pursuant to Fed. R. Civ. P. 26(a)(2).[1] In particular, Rule 26(a)(2)(C)(ii) requires a written disclosure stating "a

---

[1] *See* Docket No. 169 at 7-8 ("The court: If I could focus first on non-retained experts, the rule is pretty clear you have to summarize the facts and opinions the witness will testify to. Does this disclosure do that? I didn't see anything in the record that suggested you told her anything about what those facts and opinions are. Mr. Oliver: There is one page that addresses the general -- those facts and opinions. The court: Background isn't facts and opinions. Facts and opinions are what this witness will talk about. Mr. Oliver: Right. Correct. The court: Okay. So I don't see how 26(a)(2) is complied with on that score. Mr. Oliver: Okay."); *see, e.g.*, Docket No. 158-1, Ex. A at 1-2 ("P.A. James Reape, 911 E. Tuolumne Rd., Turlock, CA 95382, 209-668-4101. Witness will testify about his experience, qualifications, as well as Plaintiffs medical treatment, diagnosis, prognosis, and the necessity and reasonableness of the medical treatment received by the

1
Case No.: 5:11-cv-03698 PSG
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

summary of the facts and opinions to which the witness is expected to testify." Because Berman did not provide an adequate summary of the facts and opinions to which his non-retained experts would testify, the court granted Knife River's motion to strike Berman's non-retained experts.

Here, Berman seeks leave to file a motion that the court reconsider its prior order. "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[2] A party seeking leave to file a motion for reconsideration must satisfy Civil L.R. 7-9(b).[3]

Berman has not satisfied the requirements of Civil L.R. 7-9. Berman's motion does not identify any material difference in fact or law since the issuance of the court's January 14, 2014 order, the emergence of new material facts or a change of law, or any material facts or dispositive legal arguments which the court did not consider. Instead, Berman reargues the equities of the court's ruling in direct contravention of Civil L.R. 7-9(c).[4] As Berman's counsel conceded at the

---

Plaintiff, as well as the reasonableness of such costs of medical treatment. This testimony will also include all the bases for the witness' opinions.").

[2] *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations and citations omitted).

[3] Civil L.R. 7-9(b) requires that to obtain leave to file a motion for reconsideration, the moving party must specifically show:

   (1) "That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;

   (2) The emergence of new material facts or a change of law occurring after the time of such order; or

   (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

[4] *See* Civil L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.").

2
Case No.: 5:11-cv-03698 PSG
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

hearing, the non-retained experts' disclosures were insufficient.[5]  Berman's motion for leave to file a motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: February 3, 2014

                                                                    *[signature]*
                                                                    PAUL S. GREWAL
                                                                    United States Magistrate Judge

---

[5] *See supra* note 1.