UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BERMAN, | Case No. 5:11-cv-03698-PSG |
| Plaintiff, | **ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY** |
| v. | |
| KNIFE RIVER CORPORATION, et al., | **(Re: Docket No. 213)** |
| Defendants. | |

Before the court is Plaintiff John Berman's motion to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) the court's order denying Berman's motion for recusal pursuant to 28 U.S.C. § 455(a). No opposition has been filed. Pursuant to Civil L.R. 7-1(b)[1] and Fed. R. Civ. P. 78,[2] the court finds the motion suitable for disposition without a hearing.

Under Section 1292(b), "the district court may certify an appeal of an interlocutory order if (1) the order involves a controlling question of law, (2) appealing the order may materially advance the ultimate termination of the litigation and (3) there is substantial ground for difference of

---

[1] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

[2] *See* Fed. R. Civ. P. 78 ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").

1
Case No. 5:11-cv-03698-PSG
ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY

opinion as to the question of law."[3]  All three factors must be satisfied to warrant the certification of an interlocutory appeal.[4]  The legislative history of Section 1292(b) "indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation."[5]  "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."[6]

Berman suggests that the undersigned's decision not to grant Berman's motion for recusal generates "at least two controlling questions of law."[7]  But the Ninth Circuit has already evaluated the question of whether 28 U.S.C. § 455 implicates a controlling question of law and determined that it does not.[8]  The Ninth Circuit explained that "it is difficult" to "think of a question which is more separable from and collateral to the merits of this lawsuit than is the question of [a trial judge's] recusal decision."[9]  Because "an appellate decision that recusal was improper could in no way materially affect the eventual outcome of the litigation, [the Ninth Circuit] cannot view the

---

[3] *Zepeda v. Paypal, Inc.*, Case No. 4:10-cv-02500-SBA, 2014 WL 588066, at *2 (N.D. Cal. Feb. 14, 2014) (citing *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 687-88 (9th Cir. 2011)).

[4] *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met.").

[5] *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

[6] *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

[7] Docket No. 194 at 6.

> Plaintiff has submitted that there are at least two controlling questions of law at issue: (1) (*Liteky*) whether intrajudicial factors tendered as evidence of pervasive bias in a recusal motion may be *a priori* excluded from consideration by a court? and (2) (*Hurles*) can a court's recusal fact-finding accept[ed] as true untested (without evidentiary procedures) testimony from the court itself on extrajudicial events?

[8] *See In re Cement Antitrust Litig.*, 673 F.2d at 1026 ("[W]e have concluded that the question whether 28 U.S.C. s 455(b)(4) compels Judge Muecke's disqualification is not a "controlling question of law," and therefore the jurisdictional prerequisites for section 1292(b) review have not been met.").

[9] *Id.* at 1027.

question as controlling."[10] Ninth Circuit precedent "has recognized the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases, and that the 'controlling question of law' requirement be interpreted in such a way to implement this policy."[11] Controlling case law prohibits the Ninth Circuit "from disregarding the 'controlling question of law' requirement in the statute despite the fact that judicial resources might be saved by doing so."[12]

In sum, because the court's order denying Berman's Section 455 motion for recusal does not involve a controlling question of law, Berman's request for a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

Dated: July 31, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[10] *Id.*

[11] *Id.*; *see, e.g., Robbins Co. v. Lawrence Mfg. Co.*, 482 F.2d 426, 429 (9th Cir. 1973); *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

[12] *In re Cement Antitrust Litig.*, 673 F.2d at 1027.  At least one other circuit further restricts itself to Section 1292(b) appeals that present legal questions "stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).

> In determining whether to grant review, we should ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed.  The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law.  And the answer to that question must substantially reduce the amount of litigation left in the case.