UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BERMAN, | Case No. 5:11-cv-03698-PSG |
| Plaintiff, | **ORDER RE: SUBJECT MATTER JURISDICTION** |
| v. | |
| KNIFE RIVER CORPORATION, et al., | **(Re: Docket No. 201)** |
| Defendants. | |

At the pre-trial conference[1] and in its trial brief,[2] Defendant Knife River Corporation again challenges this court's assertion of subject matter jurisdiction. Pro se Plaintiff John Berman has not filed any formal opposition.

Berman's fifth amended, operative complaint alleges, in relevant part:

1. Plaintiff John Berman is an individual residing in the states of Washington and Nevada. At all relevant times, beginning prior to 6-9-10, plaintiff held a Washington State Class A Commercial Driver License, endorsed for tank vehicles, double or triple trailers, and two-wheel motorcycles.

5. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of different states and the matter in controversy exceeds the sum or

---

[1] *See* Docket No. 237.

[2] *See* Docket No. 201.

United States District Court
For the Northern District of California

value of $75,000. This Court also has jurisdiction over this action pursuant to 18 U.S.C. § 1331 (federal question) and 81 U.S.C. § 1961, et seq. (RICO).[3]

Berman ultimately relies on diversity jurisdiction as his avenue to federal court.[4] Knife River takes issue with (1) Berman's failure to "properly plead the facts necessary for diversity" jurisdiction – i.e. "the state in which he is domiciled, filing of the action, not his state of residence."[5] Knife River also challenges (2) whether Berman has satisfied the amount in controversy requirement required to assert diversity jurisdiction.[6] Finally, Knife River argues that (3) the "presence of Doe defendants destroys diversity jurisdiction because the citizenship of each of the alleged Doe defendants cannot be pleaded or proved factually, and therefore the existence of diversity cannot be established."[7]

---

[3] Docket No. 96 at ¶¶ 1, 5.

[4] Although the complaint alleges this court has federal question jurisdiction, too, Berman's RICO claim was previously dismissed from this case.

[5] Docket No. 201 at 4-6.

[6] *Id.* at 4 ("Nor does it appear that the amount in controversy exceeds the sum of $75,000, which is plaintiff's burden to establish.").

[7] *Id.* at 6 (citing *Fifty Associates v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970)).

> In the case at bar Prudential alleged that the 'Does' and other fictitious defendants were names of defendants 'unknown to plaintiff' and that none of them were citizens of New Jersey and none of them had their principal places of business in that state. Due to the ambiguous language employed by Prudential in the complaint, we are unable to determine whether Prudential meant to say that names of the defendants were not known or that the Doe defendants themselves were unknown.
>
> By analogy with this court's reasoning in Molnar, supra, if the identity of the Doe defendants were known so that Prudential could state that none of them were citizens of New Jersey, or had their principal places of business there, Prudential could also have stated the names of those defendants in the complaint. Likewise, if the identities of fictitious defendants were not known, then Prudential's negative allegations about the citizenship of those parties are 'mere guesswork'. The reason why the 'Doe' practice could not be applicable to federal courts of limited jurisdiction is obvious.
>
> The proper method of adding new parties in the federal courts is found in Rule 15 of the Federal Rules of Civil Procedure, with particular attention to Rule 15(c) concerning the relation back to the original pleading.

(Also citing *Molnar v. Nat'l Broad. Co.*, 231 F.2d 684, 686 (9th Cir. 1956)).

> Unquestionably, if plaintiff had offered to amend by striking 'Doe 1-X' from the title and the allegations relating to these from the complaint even after the order was entered, the

2
Case No. 5:11-cv-03698-PSG
ORDER RE: SUBJECT MATTER JURISDICTION

Relevant to this dispute, Knife River's answer alleges that:

> it is a corporation organized under the laws of the State of Delaware, has a principal place of business in Bismarck, North Dakota, and is qualified to do business in California and otherwise properly licensed for its business.[8]

On the eve of trial, the court is eager to get the issue of subject matter jurisdiction squared away. To that end, the court orders the following:

- Berman shall submit a sworn declaration identifying the location of his domicile at the time this lawsuit was filed.[9]

---

> court would have permitted the order to be set aside and the cause to proceed. A complaint defective in allegation of diversity of citizenship can be amended to show the true state of facts even in the United States Supreme Court.
>
> ***
>
> This attempt to join fictitious defendants is said to be justified in California practice. However that may be, no one of the Rules of Civil Procedure under which federal courts operate gives warrant for the use of such a device. While the Federal Rules of Civil Procedure are not universally inclusive of all possible colorings of practice, no justification can be found therein for a violation of jurisdictional principles. The methods used by the common law to extend jurisdiction of particular courts cannot be tolerated under the federal Constitution. The national trial courts are of special jurisdiction. At the outset of every proceeding there, jurisdiction should be established by allegation of essential facts.
>
> Therefore, the trial court was within its powers in dismissing the action without prejudice. Perhaps other action might have been taken appropriately, but this remedy for the apparent evil was sufficient.

[8] Docket No. 113 at ¶ 2.

[9] *See Amerault v. Intelcom Support Servs., Inc.*, 16 F. App'x 724, 725-26 (9th Cir. 2001).

> For purposes of diversity jurisdiction, a person is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir.1986). "[A] person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Id.* at 749–50 (internal quotation marks and citation omitted) (second insertion in original). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (emphasis omitted).

*See also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

> "Domicile" is not necessarily synonymous with "residence," *Perri v. Kisselbach*, 34 N.J. 84, 87 (1961), and one can reside in one place but be domiciled in another, *District of Columbia v. Murphy*, 314 U.S. 441 (1941); *In re Estate of Jones*, 192 Iowa 78, 80 (1921). For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. *Texas v. Florida*, 306 U.S. 398 (1939).

*See also Minnesota Min. & Mfg. Co. v. Kirkevold*, 87 F.R.D. 317, 320 (D. Minn. 1980).

3
Case No. 5:11-cv-03698-PSG
ORDER RE: SUBJECT MATTER JURISDICTION

- The court is satisfied that Berman has satisfied the amount-in-controversy requirement.
- Berman shall file a notice of dismissing the Does from this case or show cause in writing why dismissal of the Does from this case is not warranted.
- Berman shall comply with this order by Thursday, August 21, 2014 at 5 PM.

**IT IS SO ORDERED.**

Dated: August 15, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

While a person may be a resident of more than one state, a person has only one domicile for diversity of citizenship purposes at any one time, and residence and domicile are wholly different things. (quotations omitted) (citing *Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905)).