UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN BERMAN, | Case No. 5:11-cv-03698-PSG |
| Plaintiff, | **OMNIBUS ORDER RE: MOTIONS IN LIMINE** |
| v. | |
| KNIFE RIVER CORPORATION, et al., | **(Re: Docket Nos. 202, 203, 204, 205 and 220)** |
| Defendants. | |

Before the court are the parties' motions in limine.[1]  Yesterday, the parties appeared at the pre-trial conference and supplemented their briefing with oral argument.  As previewed at the hearing, the court GRANTS the requested relief, but only IN-PART, as explained below.

**A.  Docket No. 202: Knife River's Motion to Exclude Evidence and Testimony Regarding Unproduced Motorcycle Front-Mounted Cam Footage**

Knife River moves to exclude Berman's "motorcycle front-mounted cam" that documented the period "up to & including [the] crash" and related testimony at trial.[2]  Knife River "served plaintiff with document requests in this case on December 31, 2012.  The first request in that set sought production of all documents that plaintiff had identified in plaintiff's initial disclosures.  In his initial disclosures, [Berman] had identified '6/9/10 video from motorcycle front-mounted cam

---

[1] *See* Docket Nos. 202, 203, 204, 205 and 220.

[2] Docket No. 202-1, Ex. 1.

up to & including crash incident, showing no traffic cones.'"  Knife River moved to compel

additional discovery and the court granted Knife River's motion in full.[3]  The court granted Knife

River's motion in full.[4]  Berman has not produced video footage, which he represents is

unavailable.  Berman instead has produced two still photographs from the camera which constitute

the sum total of what was in the buffer.[5]  Berman's former counsel and Berman himself have

stipulated that Berman will not rely on the video footage at trial.[6]

---

[3] *See* Docket No. 106 at 2-3.

> Defendant served plaintiff with interrogatories and document production requests to obtain plaintiff's fact basis for his alleged claims against defendant, as well as the fact basis for plaintiff's claims of injuries and other damages.  Defendant's document production requests sought the production of the documents plaintiff had identified in his Initial Disclosures, as well as documents relating to plaintiff's alleged "crash," the matters alleged in his complaint, the facts stated in plaintiff's responses to the interrogatories, any medical treatment for plaintiff's alleged injuries, the losses or damages plaintiff claimed to have suffered as a result of the incidents in his complaint, witness statements or reports regarding plaintiff's "crash," out-of pocket expenses or income loss allegedly resulting from the "crash," documents supporting plaintiff's allegations in his complaint that defendant was negligent, and documents relating to alleged property damage resulting from the "crash." Citing Docket No. 106-1, Ex. B.
>
> Plaintiff never responded to the request for production of documents.  Plaintiff's failure to respond is without substantial justification.  The requests seek production of documents relevant to the claims or defenses in the action.  Defendant requires responses to the document production requests in order to prepare its defense to plaintiff's claims and to prepare for the trial of this action.  Plaintiff having failed to serve a response to the document production requests has waived any objections to the requests.  *E.g., Richmark Corp. v. Timber Falling Consultants*, 95 F.2d 1468, 1473 (9th Cir. 1992) (failure to object within time required constitutes waiver of any objections).  Plaintiff should be required to respond to the document production requests, without objections, and to produce all responsive documents.

[4] *See* Docket No. 119 at 7.

> Ms. Pritchard:  Your honor, just to be clear, on the documents we never received responses to documents, it's not just economic loss or medical records.
>
> The Court:  The full panoply of documents at issue in this case and noted in your motion, the order extends to the entire range, we need to get discovery done in this case.

[5] See Docket No. 202-1 at ¶ 5.

> On October 17, 2013, an envelope was delivered to our firm's office containing two sheets of paper, one of which discloses what appears to be a picture of a road.  A true copy of those two sheets of paper received by our office on October 17, 2013 is attached to this declaration as Exhibit 3.  However, plaintiff has never produced the video that he identified in his initial disclosures.

*See also id.*, Ex. 3.

[6] *See* Docket No. 151, Ex. A at 2.

2

Case No. 5:11-cv-03698-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

United States District Court
For the Northern District of California

Because Berman has not produced the video footage, stipulated that he will not rely on at it at trial and indicated his non-opposition to Knife River's motion at trial, exclusion of the video and testimony about the video is warranted.  Berman may, however, rely on the produced still frames at trial.  Berman's motion to strike and motion for sanctions lodged in his responsive brief are DENIED.

**B.      Docket No. 203: Knife River's Motion to Exclude Berman's Retained Expert Dr. Forman**

Knife River moves to exclude the testimony of Berman's retained medical expert, Dr. Forman.[7]  On January 14, 2014, the court ordered Berman to supplement Forman's expert disclosures pursuant to Rule 26.[8]  Berman has not supplemented Forman's disclosures.  In light of

---

> Also, in your letter of late July 2013 addressing the video that you now again request, you stated that you desired to exclude from evidence the video frames and that you would file a motion to that effect.  We stipulated to that exclusion, and stated that we have no problem with the exclusion, since the frames are not material to our case, given the depositions of Knife River employees last January.  We met your request, so please don't create an issue just for the sake of doing so.

*See also* Docket No. 229 at 1-2.

> The record already indicates that Plaintiff, through his former attorney, had stipulated to the exclusion (Dkt. 151, p. 3, Dkt. 161, p. 3) of the video frames at issue from his 3G frame transfer prototype installed on his motorcycle (Dkt. 161, p.3 and 202-1, p.17), AND that the printed renderings of the frames had been delivered twice to Defendant's counsel, with the documents on July 16, 2013 (Dkt. 161, p. 3 and Dkt. 145), as declared by Plaintiff's counsel referencing his records.  Plaintiff reiterates the stipulation as a non-opposition to the motion in limine.

[7] *See* Docket No. 203.

[8] The court made itself clear on this issue in its order of January 14, 2014.  *See* Docket No. 166.

> Mr. Berman and Mr. Oliver to supplement Dr. Forman's report to provide each of the requirements under Rule 26. Summary of facts and opinions to be included in the report if Dr. Forman is to testify at trial.

*See also* Docket No. 169 at 11-12.

> As for Dr. Forman, on - - I'm not overwhelmed with the quality of his disclosure and in particular his compliance with the requirements of Rule 26.  I am satisfied, with supplementation, that disclosure can be brought up to par.

> So I'm going to order that Dr. Berman [and] Mr. Oliver supplement Dr. Forman's report to provide each of the requirements under Rule 26 compensation to the extent publication shave not been listed or prior appearances not listed.  Those are going to be included.

> And I want a complete summary of facts and opinions laid out in his report if he's going to testify at this trial.

3

Berman's pro se status, the court will still permit Forman to testify if Berman complies with his Rule 26 obligations by Thursday, August 21, 2014 at 5 PM.  Berman shall file an amended expert supplemental report signed by Forman that includes:

- "a list of all publications authored in the previous 10 years;[9]
- "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition";[10] and
- "a statement of the compensation to be paid for the study and testimony in the case."[11]

Each document shall clearly indicate that it is responsive to this court's order and be supported by a sworn declaration signed by Forman.  The statement of compensation shall indicate (1) the number of hours Forman has spent to date on this case, (2) Forman's hourly rate in pre-trial preparation, (3) the amount of Forman's compensation to date and (4) Forman's hourly rate for his testimony and attendance at trial.  If the court is not satisfied that Berman had adequately complied with Rule 26, Forman will not testify at trial.  If Forman testifies at trial, he will be limited to topics contained within Forman's amended expert report.[12]  Berman's motion to strike and motion for sanctions lodged in his responsive brief are DENIED.

**C.      Docket No. 204: Knife River's Motion to Exclude Evidence of or Reference to Liability Insurance**

Knife River moves to exclude evidence of or reference to liability insurance.[13]  Berman has not filed any opposition, but did oppose the motion at the hearing.  The court DENIES Knife River's motion.  Berman nonetheless shall not introduce evidence of liability insurance "to prove whether [Knife River] acted negligently or otherwise wrongfully."[14]  Evidence of liability

---

[9] *See* Fed. R. Civ. P. 26(a)(2)(B)(iv).

[10] *See* Fed. R. Civ. P. 26(a)(2)(B)(v).

[11] *See* Fed. R. Civ. P. 26(a)(2)(B)(vi).

[12] *See* Docket No. 203-1, Ex. 2.

[13] *See* Docket No. 204.

Case No. 5:11-cv-03698-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

insurance may be admissible for another purpose, provided it clears Fed. R. Evid. 401 and 403.[15]

The court is not persuaded a broader prophylactic bar is warranted at this time.  The court will

consider any appropriate objection raised during trial.

**D.      Docket No. 205: Knife River's Motion to Require Berman to Offer Testimony in the Traditional Question-and-Answer Manner as Opposed to Offering Testimony in the Form of a Narrative**

Fed. R. Evid. 611(a) provides:

> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

"Under Rule 611, the court has discretion to allow or bar narrative testimony."[16]  This court will

permit Berman, a pro se litigant, "to testify in a narrative fashion provided that such testimony

centers upon admissible evidence under the Federal Rules of Evidence.  In the event [Berman]

attempts to testify to matters that are not properly admissible under the Rules of Evidence or the

testimony tends to be irrelevant, confusing, misleading or unnecessary, [Berman] will be

admonished by the Court and may thereafter be required to pose the question before testifying to

---

[14] *See* Fed. R. Evid. 411.

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully.  But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

[15] *See* Fed. R. Evid. 401.

> Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

*See also* Fed. R. Evid. 403.

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

[16] *Gilroy v. Ameriquest Mortgage Co.*, Case No. 07-cv-0074-JD, 2009 WL 591276, at *1 (D.N.H. Mar. 3, 2009) (citing *Nat'l R.R. Passenger Corp. v. Certain Temp. Easements Above R.R. Right Of Way In Providence, Rhode Island*, 357 F.3d 36, 42 (1st Cir. 2004) (recognizing trial court has broad discretion in decisions regarding manner of witness testimony, so long as undue prejudice does not result to either party).

Case No. 5:11-cv-03698-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

the question's answer."[17]   Berman's motion for sanctions lodged in his responsive brief is

DENIED.

**E.      Docket No. 220: Berman's Motion to Exclude the Expert Testimony of Dr. Ryan[18]**

Berman moves to preclude Knife River's expert Ryan from testifying at trial.  Berman's

*Daubert* motion is not supplemented with the record evidence necessary to evaluate the sufficiency

of Ryan's report – i.e. Ryan's report.  Without Ryan's report in hand, the court is not in well-

positioned to evaluate Ryan's analysis.  Berman may challenge Ryan's qualifications of an expert

at trial through voir dire.  Ryan's testimony will be limited to the expert opinions disclosed in his

report.  Berman may raise his issues with Ryan's expert opinion through cross-examination.

**F.      Additional Disputes From Pre-Trial Conference**

The court also provides the following guidance on other objections and issues flagged at the

pre-trial conference:

- The court understands that Norman "Skip" Brown and Mike Lytal have served declarations, that while not satisfying each of the requirements of the Federal Rules of Civil Procedure, accomplish the Rules overarching goal of fair notice.  *See* Docket No. 236 at 5-6.  Brown and Lytal may testify at trial, but they will be limited to those opinions offered in their declarations served on Knife River.  In light of Berman's pro se status and the court's determination to try this case on the merits, this is the equitable call.  Knife River's counsel indicated that he knew Berman had been consulting with these experts in connection with Berman's motion for summary judgment even though Berman may not have issued a formal notice of retention of these witnesses.

- Berman shall not introduce medical records that are not properly authenticated by a sponsoring witness.

- Exhibits relating to medical expenses, medical payments, medical treatment and lost wages that are no longer relevant to this case will not be admitted at trial.

- The allegedly duplicative exhibits may be admitted at trial.

- The exhibits relating to photographs of Berman's injured foot may be admitted at trial.

- James Reape shall not testify at this trial; his disclosure as a possible witness in this trial was not timely.

---

[17] *Jackson v. Doe*, Case No. 3:10-cv-00771-LRH, 2014 WL 358689, at *1 (D. Nev. Jan. 31, 2014).

[18] At oral argument Berman also argued that Ryan's report did not comply with Fed. R. Civ. P. 26. Because this argument was not lodged in Berman's moving papers, the court has no record evidence to evaluate the merits of Berman's argument.  Berman's request to preclude Ryan's testimony on this basis therefore must be denied.

Case No. 5:11-cv-03698-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

United States District Court
For the Northern District of California

**IT IS SO ORDERED.**

Dated: August 15, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:11-cv-03698-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE