1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA

10       SAN JOSE DIVISION

11  JOHN BERMAN,                          )   Case No. 5:11-cv-03698-PSG
                                          )
12                        Plaintiff,      )   **FINAL JURY INSTRUCTIONS**
                                          )
13           v.                           )
                                          )
14  KNIFE RIVER CORPORATION,              )
                                          )
15                        Defendant.      )
    _____)
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

# 1. DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS

## 2. COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through Mr. Rivera, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS

### 3. RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 4. BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court
For the Northern District of California

**5. CACI 400.  NEGLIGENCE – ESSENTIAL FACTUAL ELEMENTS**

Mr. Berman claims that he was harmed by Knife River Corporation's negligence and that it should be held responsible for that harm.  To establish this claim, Mr. Berman must prove all of the following:

   1.  That Knife River was negligent;

   2.  That the Mr. Berman was harmed; and

   3.  That Knife River's negligence was a substantial factor in causing Mr. Berman's harm.

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS

## 6. CACI 401.  BASIC STANDARD OF CARE

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act.  A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Knife River's situation.

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS

# 7. CACI 405.  COMPARATIVE FAULT OF PLAINTIFF

Knife River claims that Mr. Berman's own negligence contributed to his harm.  To succeed on this claim, Knife River must prove both of the following:

1.  That Mr. Berman was negligent; and

2.  That Mr. Berman's negligence was a substantial factor in causing his harm.

If Knife River proves the above, Mr. Berman's damages are reduced by your determination of the percentage of Mr. Berman's responsibility. I will calculate the actual reduction.

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS

**8. CACI 425.  GROSS NEGLIGENCE EXPLAINED**

Gross negligence is the lack of any care or an extreme departure from what a reasonably careful person would do in the same situation to prevent harm to oneself or to others.

A person can be grossly negligent by acting or by failing to act.

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS

# 9. CACI 430.  CAUSATION – SUBSTANTIAL FACTOR

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS

### 10. CACI 3900.  INTRODUCTION TO TORT DAMAGES – LIABILITY CONTESTED

If you decide that Mr. Berman has proved his claim against Knife River, you also must decide how much money will reasonably compensate Mr. Berman for the harm.  This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Knife River's wrongful conduct, even if the particular harm could not have been anticipated.

Mr. Berman does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  However, you must not speculate or guess in awarding damages.

**United States District Court**
For the Northern District of California

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS

## 11. CACI 3902.  NONECONOMIC DAMAGES

The damages claimed by Mr. Berman for the harm caused by Knife River fall into one category called noneconomic damages.

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS

## 12. CACI 3905.  ITEMS OF NONECONOMIC DAMAGE

The following are the specific items of noneconomic damages claimed by Mr. Berman:

    1.  Pain and suffering, past, present, and future;

    2.  Loss of enjoyment of life, past, present, and future;

    3.  Physical impairment, disfigurement, and inconvenience, past, present, and future.

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS

### 13. CACI 3905A.  PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTIONAL DISTRESS

No fixed standard exists for deciding the amount of these noneconomic damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and/or emotional distress, Mr. Berman must prove that he is reasonably certain to suffer that harm.

For future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and/or emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate Mr. Berman for these future damages.  This amount of non-economic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS

### 14. CACI 3925.  ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 15. CACI 3927.  AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY

Mr. Berman is not entitled to damages for any physical or emotional condition that he had before Knife River's conduct occurred.  However, if Mr. Berman had a physical or emotional condition that was made worse by Knife River's wrongful conduct, you must award damages that will reasonably and fairly compensate him for the effect on that condition.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 16. CACI 3930.  MITIGATION OF DAMAGES (PERSONAL INJURY)

If you decide Knife River is responsible for the original harm, Mr. Berman is not entitled to recover damages for harm that Knife River proves Mr. Berman could have avoided with reasonable efforts or expenditures.

You should consider the reasonableness of Mr. Berman's efforts in light of the circumstances facing him at the time, including his ability to make the efforts or expenditures without undue risk or hardship.

If Mr. Berman made reasonable efforts to avoid harm, then your award should include reasonable amounts that he spent for this purpose.

### 17. CACI 3932.  LIFE EXPECTANCY

If you decide Mr. Berman has suffered damages that will continue for the rest of his life, you must determine how long he will probably live.  In deciding a person's life expectancy, you should also consider, among other factors, that person's health, habits, activities, lifestyle and occupation.

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

### 18. CACI 3934.  DAMAGES ON MULTIPLE LEGAL THEORIES

Mr. Berman seeks damages from Knife River under more than one legal theory.  However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS

### 19. CACI 3964.  JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS

## 20. DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS

## 21. EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**IT IS SO ORDERED.**

Dated: August 27, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:11-cv-03698-PSG
FINAL JURY INSTRUCTIONS